**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NEW YORK STOCK EXCHANGE LLC | ) | Case No: |
| 11 Wall Street | ) | |
| New York, NY 10005 | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION | ) | |
| 100 F Street NE | ) | |
| Washington, DC 20549 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff New York Stock Exchange LLC ("NYSE") brings this action against Defendant the Securities and Exchange Commission ("SEC") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In support of its claim, Plaintiff alleges as follows:

**PARTIES**

1.  Plaintiff NYSE is a New York limited liability company with its headquarters located at 11 Wall Street, New York, NY 10005.

2.  Defendant SEC is an independent agency of the United States Government and is headquartered at 100 F Street NE, Washington, DC 20549. The SEC has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

**JURISDICTION**

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## VENUE

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## STATUTORY FRAMEWORK

5. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

6. To encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

7. An agency must respond to a FOIA request by issuing its determination to the requesting party within twenty business days after its receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

8. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

9. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

10. If an agency fails to comply with the timing requirements, then the agency is deemed to have issued a constructive denial of the FOIA request and the constructive denial satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 182 (holding "if the agency has not issued its 'determination' within the required time period, the requester may bring suit directly in federal district court without exhausting administrative appeal remedies.").

11. A requester may then petition the court for injunctive and declaratory relief from the agency's continued withholding of public records and the court has jurisdiction to order the production of any agency records improperly withheld from the requester. 5 U.S.C. § 552(a)(4)(B).

**FACTUAL BACKGROUND**

12. NYSE operates the world's leading equity exchange, including for initial public offerings, or IPOs, which enable companies seeking to raise capital to become publicly listed through the IPO process upon meeting NYSE's listing standards.

13. The SEC is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the statutory requirements of FOIA.

14. On November 19, 2018, NYSE submitted a FOIA request to the SEC's Office of FOIA Services. (Exhibit A.) In the FOIA request, NYSE requested four discrete categories of records:

> (1) All documents concerning, referring, relating to, referencing, or reflecting any involvement or participation of Brett Redfearn, Director, Division of Trading and Markets, in any aspect of the proceedings in In re Application of Securities Industry & Financial Markets Ass'n, Admin. Proc. File No. 3-15350; In re Application of Securities & Financial Markets Ass'n & Bloomberg L.P., Securities Exchange Act of 1934 Rel. No. 84432 (Oct. 16, 2018); and the additional proceedings listed in Exhibit A to Release No. 84433 (collectively, "Market Data Proceedings"), including but not limited to involvement or participation in the drafting or preparation of the Commission's orders in the Market Data Proceedings.
>
> (2) All documents concerning, referring, relating to, referencing, or reflecting any communication or meeting relating to the recusal or possible recusal of Mr. Redfearn from participation in the Market Data Proceedings.
>
> (3) All documents concerning, referring, relating to, referencing, or reflecting any meetings or communications between (a) Mr. Redfearn and (b) any third party (meaning any natural person or any legal entity other than the SEC), relating to the Market Data Proceedings. This request is directed to (a) Mr. Redfearn's official SEC email account and telephone

3

and (b) Mr. Redfearn's personal email account(s), messaging system(s), and telephone(s), including but not limited to personal cellular telephones and ephemeral and/or encrypted messaging systems (including but not limited to Signal, Wickr, Confide, Telegram, Tutanota, ProtonMail, PreVeil, Virtu, PGP, OTR, and ChatSecure).

(4)   All documents concerning, referring, relating to, referencing, or reflecting any meetings or communications between (a) the SEC, including but not limited to Mr. Redfearn and (b) The Wall Street Journal, including but not limited to reporters employed by, affiliated with, or connected to The Wall Street Journal, relating to the Market Data Proceedings, including any communications conducted using any of the methods enumerated in Request No. 3.

15.   By letter dated December 18, 2018, the SEC acknowledged receipt of NYSE's FOIA request on November 20, 2018, and assigned each category of records a different FOIA Request Number: 19-00554-FOIA, 19-00555-FOIA, 19-00556-FOIA, and 19-00557-FOIA. (Exhibit B.)  In that letter, the SEC invoked a ten business-day extension to respond to the FOIA request under 5 U.S.C. § 552(a)(6)(B) due to unusual circumstances.  The SEC explained that these unusual circumstances are "the need for consultation with one or more other offices having substantial interest in either the determination or the subject matter of the records."

16.   With the ten business-day extension, the SEC was obligated to respond to the FOIA request by no later than January 7, 2019.  In fairness to the SEC, the federal government was shut down from December 22, 2018 until January 25, 2019.  But even if the deadline was tolled during that period, the SEC still needed to respond to NYSE's FOIA request by no later than February 5, 2019.

17.   To date, the SEC has not sent NYSE any further response related to its FOIA request.  Thus, the SEC has failed to make a determination on NYSE's FOIA request within the time limits prescribed by FOIA.  5 U.S.C. § 552(a)(6)(A)(i).

18.   Because the SEC failed to comply with its obligations within the statutory time limit, NYSE is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. §

4

552(a)(6)(C) and is within its rights to seek injunctive and declaratory relief from this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

19. NYSE incorporates by reference all of the proceeding and following paragraphs as if set forth herein.

20. Pursuant to FOIA, 5 U.S.C. § 552(a), NYSE has a statutory right to access the agency records it requested in its FOIA request.

21. The SEC has failed to comply within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

22. The SEC has failed to conduct a reasonable search for records responsive to the requests.

23. The SEC has failed to properly respond to NYSE's FOIA request as required by 5 U.S.C. §§ 552(a)(6)(A)(i)(I)-(III).

24. The SEC is unlawfully withholding records requested by NYSE pursuant to 5 U.S.C. § 552.

25. NYSE has exhausted its administrative remedies because the SEC failed to comply with its obligations within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

WHEREFORE, NYSE respectfully requests that the Court enter a judgment for NYSE and award the following relief:

(1) Order the SEC, by a date certain, to conduct searches for any and all records responsive to NYSE's FOIA request;

(2) Order the SEC, by a date certain, to demonstrate that it employed adequate search methods reasonably likely to lead to the discovery of records responsive to NYSE's FOIA request;

(3) Order the SEC, by a date certain, to produce to NYSE any and all non-exempt records or portions of records responsive to NYSE's FOIA request, as well as a *Vaughn* index of any responsive records, or portions of records, withheld due to a claim of exemption;

(4) Enjoin the SEC from continuing to withhold any and all non-exempt records responsive to NYSE's FOIA request;

(5) Award NYSE its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. §552(a)(4)(E); and

(6) Grant NYSE such further relief as the Court may deem just and proper.

Dated:  March 7, 2019	Respectfully submitted,

*/s/  Christina M. Carroll*
Christina M. Carroll (D.C. Bar No. 473337)
DENTONS US LLP
1900 K Street, NW
Washington, DC 2006
Telephone:  (202) 496-7212
christina.carroll@dentons.com

Douglas W. Henkin (NY Bar No. 2531648)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 768-6700
douglas.henkin@dentons.com

*Attorneys for Plaintiff New York Stock Exchange LLC*