## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NEW YORK STOCK EXCHANGE LLC | ) | Case No: 1:19-cv-00640-ABJ |
| 11 Wall Street | ) | |
| New York, NY 10005 | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| SECURITIES AND EXCHANGE | ) | |
| COMMISSION | ) | |
| 100 F Street NE | ) | |
| Washington, DC 20549 | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATION AND ORDER

New York Stock Exchange LLC ("NYSE") and the Securities and Exchange Commission ("SEC") stipulate as follows:

### Background

On April 12, 2019, NYSE received a production of documents from the SEC responding to NYSE's November 19, 2018 FOIA requests which are the subject matter of this litigation;

The SEC has represented that it has completed its search for responsive documents and at this time does not anticipate identifying additional responsive documents; as it further reviews the responsive documents for the purpose of creating a Vaughn Index, the SEC has represented that it may produce additional documents that it no longer determines are exempt under the FOIA;

The SEC's document production did not include a Vaughn Index, but the SEC stated in the accompanying cover letter that it had identified 6,961 pages of records that may be responsive to the NYSE's FOIA requests, that it was producing 363 pages, in part, except for

information in them protected from release under 5 U.S.C. § 552(b)(5) and (b)(6) (hereinafter "FOIA exemption (b)(5)" and "FOIA exemption (b)(6)," respectively), and that it was withholding in their entirety the remaining 6,598 pages of records under FOIA exemption (b)(5);

The SEC later represented that, excluding cover pages, there are approximately 6,000 pages of records from approximately 400 individual emails and 120 attachments that it is withholding in their entirety;

At this time, the SEC is only asserting FOIA exemptions (b)(5) and/or (b)(6) with respect to any withheld or redacted document responsive to NYSE's FOIA requests; and

NYSE is taking no position on the sufficiency or completeness of the SEC's production until it receives and reviews the Vaughn Indices described below.

### Agreements on Next Steps

On April 15, 24, 26, and 30, 2019, NYSE and the SEC met and conferred by telephone and came to the following agreements on next steps:

The SEC has agreed to produce a Vaughn Index to NYSE reflecting any document the SEC claims is exempt from production under FOIA exemption (b)(5);

The SEC agrees to produce a preliminary Vaughn Index of any documents withheld (in their entirety or in part) which contain emails sent to or from email addresses outside the SEC, that the SEC nonetheless claims contain information exempt from disclosure under FOIA exemption (b)(5) by **May 6, 2019**;

The SEC agrees to produce a complete and final Vaughn Index specifying all documents it claims the right to withhold, in part or in their entirety, from disclosure pursuant to FOIA exemption (b)(5) by **June 21, 2019**;

The SEC agrees to produce the final Vaughn Index on a rolling basis, producing the first portion of it on **May 24, 2019**, the second portion on **June 7, 2019**, and the complete and final Vaughn Index on **June 21, 2019**;

The preliminary Vaughn Index due on May 6, the portions of the final one produced on a rolling basis, and the final one due on June 21 shall describe the document in question and specify the individual parties to the communication by name (not by generic office or department) and for non-SEC individuals the entity with which the individual is affiliated or employed (to the extent the affiliation is clear from the email), the subject and date of the communication, and the basis on which the SEC is claiming the exemption from disclosure;

The preliminary Vaughn index and the portions of the final Vaughn Index produced on a rolling basis shall reflect the SEC's position on the treatment of those documents included on each index and the SEC does not foresee revising those positions in the final Vaughn Index due on June 21, 2019;

NYSE agrees that at this time the SEC need not list or describe on the preliminary Vaughn Index, the portions of the final one produced on a rolling basis, or the final Vaughn Index any withholdings under FOIA exemption (b)(6).  NYSE, however, reserves its rights to raise this issue at a later date;

NYSE also agrees that the SEC may, as an initial matter and in the interest of efficiency and expediency, log any withheld emails on its Vaughn Index by email chain (as opposed to by each individual email in the chain) if the SEC reflects the date range of emails in the chain on the index and agrees to log separately any email chains in which a sender or recipient has changed the subject matter or subject line of the email chain mid-chain;

NYSE reserves its rights to request indexing of each document in the future after review of the SEC's Vaughn Index by email chain;

After receipt of the final Vaughn Index on June 21, 2019, the Parties will discuss any documents listed on the Vaughn Index that NYSE believes do not qualify for being withheld from disclosure pursuant to FOIA exemption (b)(5); and

If the Parties cannot resolve any remaining such disagreements, one or both of the Parties will propose a dispositive motion briefing schedule on or before **July 3, 2019**, unless the Parties agree to extend that time.

Accordingly, the Parties agree that, subject to the Court's approval, the **May 7, 2019** dispositive motion deadline should be deferred until the Parties determine if they can reach agreement without the need for the Court's intervention on motion practice.


Dated:  May 3, 2019                                    Respectfully submitted,


                                                      */s/  Christina M. Carroll*
                                                      Christina M. Carroll (D.C. Bar No. 473337)
                                                      DENTONS US LLP
                                                      1900 K Street, NW
                                                      Washington, DC 2006
                                                      Telephone:  (202) 496-7212
                                                      christina.carroll@dentons.com

                                                      Douglas W. Henkin (NY Bar No. 2531648)
                                                      DENTONS US LLP
                                                      1221 Avenue of the Americas
                                                      New York, NY 10020
                                                      Telephone:  (212) 768-6700
                                                      douglas.henkin@dentons.com

                                                      ***Attorneys for Plaintiff New York Stock
                                                      Exchange LLC***

/s/  Wm. Smith Greig
Wm. Smith Greig, D.C. Bar No. 453443
Office of the General Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC  20549
Telephone  (202) 551-5147
greigw@sec.gov

*Attorney for Securities and Exchange Commission*

So Ordered:  May 3, 2019

AMY BERMAN JACKON
U.S. District Judge